h GAUDIN, Judge.
On January 9, 1998, the trial judge heard a Motion for Summary Judgment filed by H & H Investment Group, Inc., which sought a deficiency judgment against Mrs. Andrea Kambur Brown as a result of her signature being on three promissory notes purchased by H & H from the Sehwegmann Bank.
Two hours before the hearing, H & H submitted a reply memorandum which contained an affidavit executed by Frederick J. Cantrelle, the vice president of Sehwegmann Bank and Trust Company. Mr. Cantrelle stated in his affidavit that the Sehwegmann Bank had “... relied on the credit of Andrea Kambur Brown in the funding of the loans ...”
At the January 9, 1998 hearing, Mrs. Brown’s attorney took issue with Mr. Can-trelle’s statement and requested time to depose Mr. Cantrelle and to postpone his oral argument opposing summary judgment until the deposition was taken. Mrs. Brown’s attorney asked for a 30-day delay, which was denied. Nonetheless, at the conclusion of the hearing, Mrs. | ¡¡.Brown’s attorney asked for time to take Mr. Cantrelle’s deposition. This exchange took place:
“Now, Judge, should I go out and start noticing my depositions?”
The court answered: “Sure. Yes.”
The record does not indicate that any precise time period was allowed for the taking of Mr. Cantrelle’s deposition. On January 20, 1998, without receiving anything further from Mrs. Brown, the trial judge rendered judgment — which had been prepared by H & H and forwarded to *556 the court — granting a deficiency in favor of H & H and against Mrs. Brown.
Mrs. Brown then moved for a new trial, which was argued on April 3, 1998 and denied without assigned reasons on April 22, 1998. Mrs. Brown’s attorney said that Mr. Cantrelle had been deposed on February,1998, but this obviously was after January 20, 1998.
A motion for summary judgment should be granted only if the pleadings and all other documentary evidence show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.
Here, H & H is no doubt a holder of the three notes but appellant contends that H & H is not a holder in due course. This is significant because if H & H is only a holder, creditor, defenses available to Mrs Brown under the Equal Credit Opportunity Act could be used. Mrs. Brown’s status and the extent of her involvement with American Oil and Marketing, Inc. and Mr. Cantrelle’s affidavit could then have meaning.
H & H argues that it was not and is not a creditor'as defined in the |sEqual Credit Opportunity Act. Mrs. Brown says H & H was and is such a creditor. H & H contends that Mrs. Brown was an officer of American Oil and Marketing, Inc. and not an “innocent spouse.” She states she was merely a part-time employee who worked approximately 10 hours a week when needed and that she had no authority to act on behalf of the corporation, which belonged to her husband Stanley Brown, who filed for bankruptcy.
The three notes were purchased by H & H after they were in arrears although at that time Mrs. Brown had not refused to honor any debt because of improper loan or credit application procedures. The notes were purchased without recourse.
In any event, we do not believe summary judgment was appropriate. We set aside the judgment signed on April 22, 1998 and we remand to the district court for further proceedings.
JUDGMENT SET ASIDE; REMANDED.